United States District Court
District of Massachusetts

| | |
|---|---|
| LAWRENCE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 17-11871-NMG |
| ) | |
| JUSTICE ANGELA ORDONEZ, JUSTICE ) | |
| PAULA CAREY, ATTORNEY WHITNEY ) | |
| DUVALL and COMMISSIONER MICHAEL ) | |
| HEFFERNAN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff, pro se, alleges state and federal civil rights violations arising out of an ongoing proceeding in the Massachusetts Probate and Family Court in Suffolk County. Specifically, Lawrence Watson ("plaintiff" or "Watson") alleges that defendants Justice Angela Ordonez, Justice Paula Carey, Attorney Whitney Duvall and Commissioner Michael Heffernan (collectively "defendants"), in their individual and official capacity, violated his civil rights by failing to compel court employees to comply with state statutes regarding the waiver of court fees for indigent parties and by attempting to enforce child support payments through a civil contempt proceeding.

Pending before this Court are (1) plaintiff's motion for injunctive relief and second motion for injunctive relief

-1-

(Docket Nos. 2 and 28), (2) defendants' motion to dismiss (Docket No. 15) and (3) plaintiff's motion for a criminal complaint of perjury against Judicial Case Manager Daniel Gibson (Docket No. 24). For the reasons that follow, defendants' motion to dismiss will be allowed and plaintiffs' motions for injunctive relief and for a criminal complaint will be denied as moot.

I. **Background**

In September, 2017, Watson initiated this action which relates directly to proceedings in the Suffolk County Probate and Family Court ("Suffolk Family Court"). He had previously filed a complaint in that court against Sherry Walker, the mother of his only child, in April 2003 for visitation and custody rights. In July, 2003, Watson was ordered to make weekly child support payments to Ms. Walker. Watson claims that his unemployment benefits expired in May, 2004 and thereafter he did not "willingly" make child support payments. That same year the Department of Revenue ("DOR") purportedly ordered the Registry of Motor Vehicles to suspend Watson's license without hearing.

Defendants are all affiliated, in one way or another, with the Suffolk Family Court and the Department of Revenue. Michael Heffernan ("Heffernan") is the former Commissioner of the Department of Revenue and was responsible for supervising DOR

employees, including Attorney Whitney Duvall ("Attorney Duvall"), who acted as counsel for the DOR. Justices Angela Ordonez ("Justice Ordonez") and Paula Carey ("Justice Carey") are judges who presided over sessions in the Suffolk Family Court.

Watson alleges that he wrote to Justice Carey 11 times between September, 2008 and February, 2014 to inform her that employees of the Suffolk Family Court had failed to comply M.G.L. c. 261 §§ 27A-27D by refusing to accept affidavits of indigency from Watson seeking fee waivers in his proceeding. He claims that he subsequently informed Justice Ordonez of the conduct of the employees on two occasions in 2014. Watson asserts that neither judicial officer took action to compel compliance with the state statute.

In April, 2016, Attorney Duvall, acting as counsel for the DOR, filed a civil contempt action against Watson to enforce child support payment obligations. Watson alleges that Attorney Duvall held herself out as representing Ms. Walker, rather than the DOR or the Commonwealth, in violation of M.G.L. c. 119A § 3. He claims that he informed Commissioner Heffernan that Attorney Duvall purported to represent Ms. Walker in October, 2016.

The proceedings in Suffolk Family Court are ongoing. Lawrence B. Watson v. Sherry A. Walker, No. SU03W0810PA1, Suffolk Probate and Family Court.[1]

## II. Motion to Dismiss

### A. Legal Standard

The United States Supreme Court has repeatedly recognized the tensions inherent in parallel judicial proceedings at the state and federal levels and has forewarned against the possibility of "undue interference" with state judicial proceedings by federal courts. See, e.g., Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). The Court has described the fervent concern, making clear that

> the restraining [of the state court] would entail an unseemly failure to give effect to the principle that state courts have the solemn responsibility, equally with the federal courts to guard, enforce, and protect every right granted or secured by the constitution of the United States.

Steffel v. Thompson, 415 U.S. 452, 460-61 (1974) (citation and internal quotations omitted); see also Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012) (basic notions of comity and federalism are foundational principles of Younger abstention).

---

[1] A review of the docket indicates that a hearing was scheduled to occur before Justice Christopher on June 14, 2018.

-4-

In Younger v. Harris, 401 U.S. 37, 41 (1971), the Court invoked this rationale to abstain from enjoining an ongoing state criminal prosecution. See also Samuels v. Mackell, 401 U.S. 66, 73 (1971) (in instances where injunctive relief would be impermissible under Younger principles, "declaratory relief should ordinarily be denied as well"). The Younger doctrine has been expanded well beyond criminal proceedings to include certain civil actions and administrative proceedings, although in each instance the state proceedings must be "judicial in nature." See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).

Accordingly, when faced with a Younger scenario,

> a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding . . . that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit.

Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see also Sprint Commc'ns, 571 U.S. at 72-73 ("[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining [it]"); Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 32 (1st Cir. 2004) (state proceedings "should be respected" if federal

rights can be asserted and resolved somewhere in the state proceedings).

In fact, federal courts must "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases). Younger abstention thereby ensures that federal courts will not "needlessly inject" themselves into ongoing state proceedings. Brooks, 80 F.3d at 637–38.

**B.  Application**

Watson moves for injunctive relief to prevent Judges Ordonez and Carey from allowing their subordinates to avoid compliance with purported relevant statutory provisions on fee waivers for indigent parties. The defendants oppose that motion and move to dismiss the case on the grounds that (1) Younger abstention applies, (2) the claims against the defendants in their official capacities are barred by the Eleventh Amendment, (3) there is no private cause of action under the Massachusetts Declaration of Rights, (4) Justices Ordonez and Carey are entitled to judicial immunity, (5) claims against them are barred by the statute of limitations, (6) Attorney Duvall is entitled to absolute immunity and (7) Watson fails to state a claim upon which relief can be granted.

This Court finds that the three prongs of the Younger test are met and that therefore this Court must abstain from reaching the merits of plaintiff's claims. The threshold question of whether Watson's action in this Court interferes with a state judicial proceeding is easily answered in the affirmative. The injunctive relief sought by him directly obstructs the ongoing proceeding in the Suffolk Family Court. If granted, that relief would force the Suffolk Family Court to reconsider its decision with respect to Watson's fee waiver request and preclude Attorney Duvall from pursuing the contempt proceeding on behalf of the DOR to enforce child support obligations.

The state court proceedings involve the enforcement of child support which touches on a core concern of state government. Specifically, plaintiff seeks injunctive relief that would interfere with orders of the Suffolk Family Court related to child support payments and the suspension of plaintiff's driver's license as a result of arrearages in those payments. See Tyler v. Commonwealth, 981 F. Supp. 2d 92, 96-97 (D. Mass. 2013) ("Plaintiff asks this court to bar the Probate Court from, among other things, entering alimony decree and determining the visitation rights of the biological father of the child—interests that are fundamental and uniquely reserved to the states."); see also Anthony v. Council, 316 F.3d 412, 421 (3d Cir. 2003) ("[State] has an overriding interest in ordering,

monitoring, enforcing and modifying child support obligations.").

The Commonwealth of Massachusetts has a clear interest in the administration of its child support statutes and regulations and a concurrent interest in avoiding federal court interference with that administration. See Cimini v. Massachusetts, 2011 WL 2119192, at *5 (D. Mass. May 25, 2011) (noting that "federal courts should avoid intruding in state domestic relations proceedings") (internal citation omitted). The second prong of Younger is thoroughly satisfied.

With respect to the third requirement, plaintiff has an adequate opportunity to vindicate his rights in the state proceeding. A federal court must presume

> that state courts, consistent with the imperatives of the Supremacy Clause, see, U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties.

Casa Marie, Inc. v. Super Ct., 988 F.2d 252, 262 (1st Cir. 1993) (internal footnote omitted); see also Coggeshall v. Massachusetts Bd. Of Registration of Psychologists, 604 F.3d 658, 665 (reiterating that "state courts are fully capable of safeguarding federal constitutional rights") (citing Brooks v. New Hampshire Supreme Ct., 80 F.3d 633, 639 (1st Cir. 1996)). The state court is competent and eminently qualified to adjudicate the matters related to the ongoing dispute.

Because the Court finds that the case must be dismissed under Younger, it need not consider alternative arguments for dismissal raised by defendants. The Court notes, however, that, as in other actions brought by plaintiff in this Court, the judicial officers and other state officials here are entitled to immunity, even if this Court were not required to abstain from reaching the merits of plaintiff's claims (which it is). See, e.g., Watson v. Unknown Clerk 1, 2011 WL 4054868 (D. Mass. Sept. 8, 2011) (dismissing complaint against 21 state judges and court officers under the Rooker-Feldman doctrine but noting that the claims also failed as to 12 of the 21 defendants who were entitled to judicial immunity); Watson v. Lewis, Case No. 10-11451 (D. Mass. Nov. 22, 2010) (dismissing complaint where ten named judicial officers and four state court judicial employees were entitled to judicial immunity and noting that Watson was a "frequent filer" in this Court).

## ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 15) is **ALLOWED** and plaintiff's motions for injunctive relief (Docket No. 2 & 28) and for a criminal complaint (Docket No. 24) are **DENIED AS MOOT.**

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated June 22, 2018